TIDE WATER OIL CO. v. GLOBE INDEMNITY CO.

(Circuit Court of Appeals, Second Circuit. November 14, 1916.)

No. 38.

PRINCIPAL AND SURETY &#9880;100(3)—DISCHARGE OF SURETY—BOND OF BUILDING CONTRACTOR.

The surety on the bond of a building contractor *held* discharged from liability for the collapse of the building shortly after completion, where a change in the location of some 800 or 900 feet was made without its consent after the bond was given.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 163; Dec. Dig. &#9880;100(3).]

In Error to the District Court of the United States for the Southern District of New York.

Action at law by the Tide Water Oil Company against the Globe Indemnity Company. Judgment for defendant, and plaintiff brings error. Affirmed.

The Tide Water Company (plaintiff both here and below) made a written contract with one Shelly, dated April 17, 1913, for the erection of a building. The contractor therein agreed "to furnish to (plaintiff) a bond in the sum of $20,000, with surety." This action is on the bond so furnished, and dated April 28, 1913. The Globe Company (defendant both here and below) is surety thereupon. The contract with Shelly contained (in the annexed specifications) the proviso that, should the plaintiff "desire any variation from the work as planned and specified, * * * the contractor shall execute such variations * * * only on the written order of" plaintiff's representative. The condition of the bond was that, if Shelly performed his contract "according to the terms, covenants and conditions thereof," the obligation should be void, etc. The building collapsed shortly after completion, probably because of insecure and improper foundations. On the day of the contract's date, work began on the building site previously agreed upon between plaintiff and Shelly. About two weeks later plaintiff concluded to build at a place 800 or 900 feet distant, and work recommenced on the new site May 5th or 6th. Of this change of plan defendant had no notice, and to it never gave formal assent. These facts appearing by uncontradicted evidence, the trial judge directed a verdict for defendant.

Walter B. Walker, of New York City, for plaintiff in error.
Daniel Combs, of New York City, for defendant in error.
Before COXE, WARD, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). In United States v. Freel, 99 Fed. 237, 39 C. C. A. 491, affirmed 186 U. S. 309, 22 Sup. Ct. 875, 46 L. Ed. 1177, we considered the effect of a change of location far less radical than is here shown. That action was on a bond given to secure performance of a contract existing when bond given, and specifically providing for "changes, alterations, or modifications in the plans," etc. The case was heard on demurrer, and Wallace, J., pointed out that the only question presented was whether the principal contract authorized the change actually made. The change here shown is even more radical than that discussed in the case cited. It cannot fairly be called a "variation," and the Case of Freel is plainly applicable.

Later decisions have not affected the authority of that decision. It was specifically approved in Guaranty Co. v. Pressed Brick Co., 191 U. S. 416, 24 Sup. Ct. 142, 48 L. Ed. 348. In United States v. McMullen, 222 U. S. 460, 32 Sup. Ct. 128, 56 L. Ed. 269, Holmes, J., pointed out that sureties on a bond have no right to insist upon a "sacrosanct prohibition of change. * * * The law has no objection to [change] if [sureties] assent. Whether they have done so or not is simply a question of construction and good sense, taking words and circumstances into account."

This language announces no new rule; questions of construction are not for the jury; and it remains the duty of the court to infer from the evidence, if uncontradicted, whether the surety consented or assented to a substantial change of contract. We cannot doubt that no assent

can be inferred or presumed in this case. Nor do we doubt that the change of location materially contributed to the fall of the building, because the new site was marshy; but decision is based only on the plain fact that a new and substantially different agreement was made between the contracting parties without the surety's consent or knowledge.

Judgment affirmed, with costs.

---

⊘For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes